ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
DEC 1 5 2005
CLERK, U.S. DISTRICT COURT
By _____

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, § § Plaintiff, § § v. § § FORT WORTH INDEPENDENT SCHOOL § DISTRICT et al., § § Defendants. § | Civil Action No. 3:05-CV-1879-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss due to Improper Venue, or, in the Alternative, to Transfer Venue, dated October 18, 2005. The Court **DENIES** the Motion to Dismiss due to Improper Venue, and **GRANTS** the Alternate Motion to Transfer Venue. The Court **TRANSFERS** the case to the Fort Worth Division.

This case relates to the Fort Worth Independent School District's ("FWISD") construction of Kirkpatrick Middle School, located at 3201 Refugio in Fort Worth, Texas. Plaintiff is a surety bonding company which issued a performance and a payment bond in connection with the work of initial general contractor, Keck and Company Contractors, Inc. ("Keck"). After Keck was unable to complete the construction, Plaintiff and FWISD entered into an agreement where Plaintiff would engage a construction manager to complete the construction.

On September 22, 2005, Plaintiff filed the instant action, claiming breach of performance bond obligations, overpayment, conspiracy to defraud surety, and a declaratory judgment related to the performance and payment bonds.

Plaintiff is a California corporation with its principal place of business in San Diego, California. FWISD is located in Tarrant County, Texas. Defendant Owners Building Resource,

L.P.,[1] has its principal offices in Hurst, Texas. Defendant PBK Architects[2] has its principal offices in Houston, Texas. None of the parties are located in the Dallas Division of the Northern District of Texas.

A Motion to Transfer Venue may be granted, in the interest of justice, to any other district or division where the case might have been brought. 28 U.S.C. § 1404(a)-(b) (2004). The Court evaluates a Motion to Transfer Venue based upon the following factors: (1) the convenience of the parties, (2) the convenience of material witnesses, (3) the availability of process to compel the presence of unwilling witnesses, (4) the cost of obtaining the presence of witnesses, (5) the relative ease of access to sources of proof, (6) calendar congestion, (7) the location of the events in issue, and (8) the interests of justice in general. *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 647 (N.D. Tex. 2001) (Fish, J.); *see also Sw. Sec. Bank v. Sw. Bank*, 3:04-CV-1738-M, 2004 U.S. Dist. LEXIS 25858, at *2 (N.D. Tex. Dec. 23, 2004) (Lynn, J.). Unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum will seldom be disturbed. *TIG Ins. Co. v. NAFCO Ins. Co., Ltd.*, 177 F. Supp. 2d 561, 568 (N.D. Tex. 2001).

The second factor and the fifth factor, the convenience of material witnesses and the relative ease of access to sources of proof, favor transfer to the Fort Worth Division. Defendant argues that the Fort Worth Division is more convenient than the Dallas Division because the majority of the parties' witnesses are located in the Fort Worth Division, as are documents key to the parties' dispute. In response, Plaintiff has not identified any witnesses or sources of proof that are located in the Dallas Division. In light of Plaintiff's lack of response to Defendant's position,

---

[1] In its complaint, Plaintiff states that Owners Building Resource, L.P, managed the construction of the middle school, and performed many of FWISD's duties and responsibilities in connection with the construction project. Plaintiff argues that Owners Building Resource, L.P., acted as FWISD's agent during the project.

[2] In its complaint, Plaintiff states that PBK Architects prepared the plans, specifications, and contract documents for the construction project. Plaintiff argues that PBK Architects acted as FWISD's agent during the project.

the Court concludes that the parties' access to witnesses and other sources of evidence would be enhanced by transferring the case to the Fort Worth Division.[3]

The seventh factor, where the events in issue took place, favors transfer to Fort Worth. Plaintiff has not presented any evidence that connects this case to the Dallas Division. Defendants allege that all actions related to the case occurred in the Fort Worth Division; Plaintiff does not argue otherwise. In similar situations, courts have *sua sponte* transferred cases to other divisions within the same district. *See Precis Inc. v. Fed. Ins. Co.*, 3:05-CV-0346-G, 2005 U.S. Dist. LEXIS 12678, at *5 (N.D. Tex. June 27, 2005) (Fish, C.J.); *Mitchell v. Fort Worth Indep. Sch. Dist.*, 3:05-CV-0917-K (N.D. Tex. May 9, 2005) (Kinkeade, J.) (transferring when there was "no connection between the facts giving rise to this case and the Dallas Division").[4]

The eighth factor, the interests of justice in general, favors a transfer to Fort Worth. In evaluating this factor, courts can consider all practical problems that make trial of a case easy, expeditious, and inexpensive. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947), *superseded by statute on other grounds as recognized in Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 320-21 (S.D. Miss. 1989). Courts also consider the interest in

---

[3] Plaintiff cites *Young v. Armstrong World Industries, Inc.* for the proposition that "[t]he party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." 601 F. Supp. 399, 401 (N.D. Tex. 1984) (Sanders, J.). Defendant does not identify which witnesses will be inconvenienced if the case is tried in Dallas, and Defendant does not specify what, if any, difficulty it will have in transporting its documents or other tangible sources of proof between the two cities. Absent such a showing, Plaintiff argues, Defendant's Motion must fail. The Court disagrees. If Plaintiff had asserted that the parties' access to *any* witnesses or evidence would be more convenient in the Dallas Division than the Fort Worth Division, Plaintiff's argument would carry more force. However, in light of Defendant's uncontroverted allegations, the Court finds that these factors favor transfer to the Fort Worth Division.

[4] Defendants have not cited any cases where a court has dismissed a case because it was filed in the wrong division of the correct district. In light of *Precis* and *Mitchell*, the Court finds that dismissal is not the proper remedy. Therefore, the Court denies the Motion to Dismiss due to Improper Venue.

having "localized controversies decided at home". *Id.* at 509; *Jackson v. Cooper Marine & Timberlands Corp.*, 05-0071 Section "J", 2005 U.S. Dist. LEXIS 11976, at *3 (E.D. La. June 16, 2005). The locus of operative facts is another consideration in the determination of what would be "in the interests of justice." *See Pergo Inc. v. Shaw Indus., Inc.*, 1:03-CV-1709-BBM, 2003 U.S. Dist. LEXIS 26577, at *11 (N.D. Ga. Sept. 16, 2003); *cf. Baker v. Grapevine DEA*, 3:05-CV-1430-L, 2005 U.S. Dist. LEXIS 27078, at *1 (N.D. Tex. Nov. 9, 2005) (Stickney, M.J.) ("[S]ubstantial advantages may be gained by having the case resolved in the court located nearest the site of the underlying controversy."). Based on the uncontroverted assertion that all of the facts that give rise to this case occurred in the Fort Worth Division, the Court finds that the "best interests of justice" are served by having the case tried in that division.

The other factors do not change the Court's conclusion. No party contends that a transfer to Fort Worth would aid or hinder it in obtaining process to compel witnesses, would reduce or increase the cost of obtaining the presence of witnesses, or that there is a material difference in the congestion of the Court calendars in Dallas and Fort Worth.

The balance of the factors strongly favor a transfer to the Fort Worth Division of the Northern District of Texas. The Court **GRANTS** Defendants' Alternate Motion to Transfer, pursuant to 28 U.S.C. § 1404(a)-(b), and **ORDERS** the Clerk to transfer and reassign this case to the Fort Worth Division of this Court.

**SO ORDERED.**

December 15, 2005.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS